## HARDER ET AL. v. INDIANA BITUMINOUS COAL COMPANY.

[No. 20,341.   Filed June 3, 1904.]

PLEADING.—*Answer.*—*Demurrer.*—Where, in an action for the price of a commodity, the complaint and exhibit filed therewith disclosed that the plaintiff was thereunder entitled to recover $1,206.97, exclusive of interest, and the answer did not attempt to bar a recovery for any sum less than $1,264.30, thereby substantially admitting that plaintiff was entitled to recover that amount of the claim, a demurrer to the answer was properly sustained.   Such an answer makes no pretense of avoiding anything demanded by the complaint.

From Sullivan Circuit Court;   *O. B. Harris*, Judge.

Action by Indiana Bituminous Coal Company against Charles C. Harder and Henry Hafer.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*J. S. Bays* and *L. F. Bays*, for appellants.
*J. T. Hays* and *W. H. Hays*, for appellee.

HADLEY, J.—Appellee sued appellants on an account for $1,206.97 for coal sold and delivered to appellants at their special instance and request.   The complaint charges that for the coal so sold and delivered the defendants are indebted to the plaintiff in the sum of $1,206.97, and that for unreasonable and vexatious delay in the payment thereof interest on the amount is demanded from January 1, 1902.   The general prayer is for $1,500.   The bill of particulars filed with the complaint shows a sale and delivery of one car on December 12, eleven cars on December 21, eighteen cars on December 26, and twelve cars on December 30, 1901, making forty-two cars, and aggregating, at the prices charged, $1,206.97.   There was no denial of the facts stated in the complaint.   The only defense pleaded was an answer in one paragraph, purporting to be addressed to an imaginary sum in excess of the amount claimed by the plaintiff.   The answer opened and closed

as follows: "The defendants, Charles C. Harder and Henry Hafer, for answer to all of plaintiff's claim, as stated in its complaint, in excess of $1,264.30 allege.   *   *   * Wherefore said defendants say that said plaintiff should not recover an amount in excess of $1,264.30, and that whatever amount said plaintiff claims in excess of said sum of $1,264.30 is wholly without consideration." Appellee's demurrer to the answer was sustained, and, appellants refusing to answer, judgment was rendered against them for $1,206 and interest thereon at six per cent. from January 10, 1902, amounting in all to $1,283 and costs.

The only assignment here questions the ruling of the court upon appellee's demurrer to the answer.

Appellants attempt to defend their answer in this court upon the single ground that appellee having bargained to furnish them the coal at one price, their promise to pay a higher price to induce performance is without consideration, and therefore not binding on them. There is, however, back of the proposition an objection urged by appellee that seems fatal to the answer. It is not responsive to the complaint. The office of an answer is to defeat the action and bar a recovery by the plaintiff. The plaintiff shows by the complaint and bill of particulars that it is entitled to recover but $1,206.97, exclusive of interest, and the answer does not attempt to bar the recovery of $1,264.30. It admits that the defendants have no defense to that amount of the claim sued on, which is $57.33 more than the amount claimed by the plaintiff. It clearly makes no pretense of avoiding anything that is demanded. It therefore amounts to nothing as an answer.

It is averred in the complaint that because of the unreasonable and vexatious delay in the payment of said account for $1,206.97 the plaintiff should be allowed interest thereon from January 1, 1902, and the general prayer is for judgment for $1,500. But in the answer there is no denial that the undisputed account became due and payable

at the time alleged, and no facts set up tending to show an excuse for the non-payment of the account for more than nine months after due. The language of the answer, therefore, that "the plaintiff should not recover an amount in excess of $1,264.30," evidently referred to the sum claimed on the account, and not to the sum as augmented by the amount fixed by law as a penalty for failure to pay when due. The demurrer to the answer was properly sustained. There are other forcible objections presented to the answer which we have not considered.

Judgment affirmed.